IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FATIMA ROBINSON,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| **BILFINGER INC.** | § § | **Civil Action No.: 1:25-cv-416** |
| Defendant. | § § § § § § | **JURY DEMAND** |

## COMPLAINT

Plaintiff Fatima Robinson ("Plaintiff" or "Robinson"), by and through undersigned counsel, files this Complaint against Defendant Bilfinger Inc. ("Defendant" or "Bilfinger") and alleges as follows:

### I.   JURISDICTION AND VENUE

1.   This is an action for damages and other relief under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

2.   The Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. §§1331 and 1343.

3.   Venue is proper in this district, as Defendant conducts business here, and the events giving rise to this action occurred in Mobile County, Alabama.

## II. PARTIES

4. Plaintiff Fatima Robinson is an adult resident of Alabama.

5. Defendant Bilfinger Inc. is a corporation doing business in Alabama, and employs more than 15 employees and is an employer as the term is defined by Title VII

## III. ADMINISTRATIVE EXHAUSTION

6. Robinson timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation in violation of Title VII.

7. Robinson received a Notice of Right to Sue and brings this action within ninety days of receipt of the same.

## IV. FACTS

8. Bilfinger hired Robinson on or about December 4, 2023 as a painter at the Evonik facility in Theodore, Alabama.

9. Plaintiff was the only female, African-American, and domestically born employee in her department and the only worker who spoke English fluently.

10. Bilfinger promised Robinson an hourly rate of $26, but she was paid only $23 while non-Black, foreign-born male workers received the higher rate.

11. On or about January 22, 2024, a male coworker exposed Robinson to a photograph of his genitals on his cell phone.

12. Robinson immediately reported the sexual harassment and pay disparity to Bilfinger's Human Resources department.

13. Corporate and/or regional HR substantiated the complaint, discharged the harasser, and increased Robinson's hourly rate to $26, confirming that she had engaged in protected activity.

14. After her complaint, supervisors and coworkers became hostile. Robinson was chastised for minor matters such as cellphone use and accused of insubordination.

15. Bilfinger placed her on unpaid leave and later marked her as a "no-call/no-show," even though HR had excused her absence.

16. To mitigate exposure, Bilfinger reinstated her in March 2024 to the materials department, reporting to Cario Walls, an African-American manager, where she issued and tracked tools and batteries.

17. Despite performing her duties, Plaintiff was repeatedly disciplined for trivial infractions and subjected to verbal abuse.

18. On or about May 17, 2024, after she disputed a supervisor's claim about missing equipment batteries, male managers accused her of being "belligerent" and "aggressive."

19. Without investigation or written warning, Bilfinger terminated Plaintiff that same day.

20. When she attempted to gather her belongings, managers and security falsely imprisoned Robinson when they blocked her exit from the tool room until additional supervisors arrived.

21. Bilfinger's admits her prior HR complaint, acknowledges her reinstatement, and claims she was discharged for "threats" and "belligerence."

22. Bilfinger's used its policies selectively against Robinson.

23. Male employees who used profanity or violated safety rules were not terminated as Robinson was.

24. Bilfinger's stated reason is false and pretextual. Robinson was fired because she complained of sexual harassment, discrimination, and unequal pay.

## V.   CAUSES OF ACTION

25. Defendant's decision to terminate and otherwise mistreat Plaintiff was motivated by unlawful discrimination on the bases of her race, sex, sexual orientation, and national origin, or in retaliation for her protected complaints. To the extent different motives predominated at different times, Plaintiff pleads these claims in the alternative under Rule 8(d).

### COUNT ONE: RETALIATION – TITLE VII

26. Robinson re-alleges and incorporates by reference paragraphs 1-24 above, with the same force and effect as if fully set out in specific detail hereinbelow.

27. Robinson engaged in a statutorily protected activities when she

reported sexual harassment, pay discrimination, and disparate treatment.

28. Bilfinger was aware of Robinson's protected activities.

29. Bilfinger thereafter subjected Robinson to unwarranted discipline, a forced transfer, and termination.

30. The adverse actions were connected to Robinson's protected activities.

31. Bilfinger's conduct constitutes unlawful retaliation per Title VII.

32. As a result, Robinson suffered emotional pain, mental anguish, suffering, inconvenience, and loss of benefits of continued employment, among other damages.

## COUNT TWO: SEX DISCRIMINATION – TITLE VII

33. Robinson re-alleges and incorporates by reference paragraphs 1-24 above, with the same force and effect as if fully set out in specific detail hereinbelow.

34. Robinson was treated less favorably than similarly situated male employees in pay, discipline, and termination.

35. Bilfinger did not place male employees in positions where they would interact with known sexual harassers as it did Robinson.

36. Further, Bilfinger tolerated comparable or worse behavior by male employees.

37. Nonetheless, Bilfinger terminated Robinson's employment.

38. Robinson is a homosexual female, and Bilfinger knew or perceived her

as such.

39. As a result, Robinson was subjected to ridicule, disparate discipline, and termination of her employment because of her sexual orientation.

40. Bilfinger's conduct was motivated by Robinson's sex and constitutes unlawful sex discrimination.

41. As a result, Robinson suffered emotional pain, mental anguish, suffering, inconvenience, and loss of benefits of continued employment, among other damages.

## COUNT THREE: RACE DISCRIMINATION – TITLE VII

42. Robinson re-alleges and incorporates by reference paragraphs 1-24 above, with the same force and effect as if fully set out in specific detail hereinbelow.

43. Bilfinger treated Robinson less favorably than her White and Hispanic coworkers.

44. Bilfinger denied her equal pay, training, and continued employment because she is Black.

45. Bilfinger's actions and/or inactions violate Title VII's proscription against race discrimination.

46. As a result, Robinson suffered emotional pain, mental anguish, suffering, inconvenience, and loss of benefits of continued employment, among other damages.

## COUNT FOUR: NATIONAL ORIGIN DISCRIMINATION – TITLE VII

47. Robinson re-alleges and incorporates by reference paragraphs 1-24 above, with the same force and effect as if fully set out in specific detail hereinbelow.

48. Bilfinger treated Robinson less favorably than her foreign-born coworkers.

49. Bilfinger denied Robinson equal pay, training, and continued employment because she domestically born.

50. Bilfinger's actions and/or inactions violate Title VII's proscription against national-origin based discrimination.

51. As a result, Robinson suffered emotional pain, mental anguish, suffering, inconvenience, and loss of benefits of continued employment, among other damages.

**VI.   PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII;

2. Grant the plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII;

3. Enter an order requiring the defendant to reinstate the plaintiff to her former position or a comparable one, or, in lieu of reinstatement, award the plaintiff front pay;

      4.     Enter an order requiring the defendant to make the plaintiff whole by awarding her punitive damages, compensatory damages, and/or nominal damages, declaratory and injunctive relief, and benefits;

      5.     The plainitff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

*/s/ Eric C. Sheffer*
Eric C. Sheffer
Attorney for Plaintiff

Date: October 14, 2025